UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROSCO, INC.,<br><br>      Plaintiff,<br><br>v.<br><br>SAFETY VISION, LLC and<br>JOHN DOE CORPORATION,<br><br>      Defendants. | Civil Case No.: 1:19-cv-08933-JMF<br><br><br>~~[PROPOSED]~~ STIPULATED<br>PROTECTIVE ORDER FOR VENUE<br>RELATED DISCOVERY |

  WHEREAS, venue related discovery in the above entitled litigation may involve the disclosure of confidential trade secrets, technical know-how, or other confidential or proprietary research, development, commercial, personal, financial information or information furnished in confidence by a non-party (hereinafter individually and collectively referred to as "Designated Material") relating to the subject matter of the above captioned litigation (hereinafter "the Litigation"), regardless of how generated;

  WHEREAS, Plaintiff Rosco, Inc. ("Rosco") and Defendant Safety Vision, LLC ("Safety Vision," and together with Rosco the "Parties") desire to limit the extent of disclosure and use of such Designated Material, and to protect such Designated Material from unauthorized use and further disclosure, and wish to ensure that no advantage is gained by any Party through the use of such Designated Material, which could not have been learned without the discovery in the Litigation.

  NOW, THEREFORE, HAVING BEEN STIPULATED AND AGREED by and between the Parties, through their respective counsel, subject to the approval of the Court, the Parties request that the following Stipulated Protective Order pursuant to Fed. R. Civ. P. 26(c) be

Page 1

entered.

       IT IS HEREBY ORDERED THAT:

       1.     This Stipulated Protective Order shall apply to all information, including but not limited to documents, electronic documents, electronically stored information, things, exhibits, discovery responses and testimony designated in good faith as constituting or containing Designated Material by Parties and non-Parties in the Litigation.  Any Designated Material produced by a Party or non-party during the course of the Litigation may be designated by such Party or non-party as (1) CONFIDENTIAL or (2) HIGHLY CONFIDENTIAL under the terms of this Stipulated Protective Order.

       2.     For the purposes of this Stipulated Protective Order, Designated Material designated as CONFIDENTIAL shall be information or tangible things that the producing Party believes in good faith qualifies for protection under standards developed under Rule 26(c) of the Federal Rules of Civil Procedure as non-public confidential and/or proprietary information, whether personal or business related.  Absent a specific order by this Court, once designated as CONFIDENTIAL such Designated Material shall be used by the Parties only in connection with the Litigation or appeal therefrom, and not for any other purpose, including business, competitive, or governmental purposes or functions, and such information shall not be disclosed to anyone except as provided herein.

       3.     Designated Material designated as HIGHLY CONFIDENTIAL shall be information that the producing Party believes in good faith is extremely sensitive confidential information that if disclosed to another Party or non-party would create a substantial adverse impact on the producing Party's business, financial condition, ability to compete, standing in the industry, or any other risk of injury that could not be avoided by less restrictive means.  Such

material may include, without limitation, confidential non-public information business or technical information, including but not limited to market studies and analyses, future projections, strategies, forecasts, business plans, and information concerning business decisions or negotiations; company financial information and projections in any form that have not been made available to the public; license agreements and other contractual relationships with third Parties; identification of current, former, or potential customers and vendors; materials relating to sales training information; and non-public correspondence and non-public documents relating to the prosecution of any patent applications or any other non-public proceeding before the United States Patent and Trademark Office or any foreign patent office. Absent a specific order by this Court, once designated as HIGHLY CONFIDENTIAL, such designated material shall be used by the Parties only in connection with the Litigation, and not for any other purpose, including business, competitive, or governmental purposes or functions, and such material shall not be disclosed to anyone except as provided herein.

    4.  The scope of this Stipulated Protective Order shall be understood to encompass not only those items or things which encompass CONFIDENTIAL or HIGHLY CONFIDENTIAL information, but also any information derived therefrom and all excerpts and summaries thereof, as well as testimony and oral conversation related thereto.

    5.  Each Party or non-party that designates Designated Material for protection under this Stipulated Protective Order must limit any such designation to specific material that qualifies under the appropriate standards. The designation of Designated Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL for purposes of this Stipulated Protective Order shall be made in the following manner by the Party or non-party seeking protection:

      a.  In the case of documents, electronic documents, exhibits, briefs,

memoranda, interrogatory responses, responses to requests for admission, things or other materials (apart from documents and things made available for inspection, depositions, pretrial or trial testimony) by affixing the legend CONFIDENTIAL or HIGHLY CONFIDENTIAL, as appropriate, to every page of any document containing Designated Material at the time such documents are produced or such information is disclosed, or as soon thereafter as the Party or non-party seeking protection becomes aware of the confidential nature of the material disclosed and sought to be protected;

      b.      For documents and things made available for inspection only, such documents and things shall be considered HIGHLY CONFIDENTIAL. Upon request for copying and production by the inspecting Party, the producing Party shall designate such documents with the appropriate confidentiality marking;

      c.      In the case of depositions, pretrial and trial testimony: (i) by a statement by counsel on the record during such deposition, pretrial or trial proceeding that the entire transcript or a portion thereof shall be designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL, as appropriate, hereunder; or (ii) by written notice of such designation sent by counsel to all Parties within thirty (30) calendar days after receipt of the transcript of the testimony. The Parties shall treat all deposition, pretrial and trial testimony as HIGHLY CONFIDENTIAL hereunder until the expiration of thirty (30) calendar days after the receipt of the transcript. Until designated otherwise thereinafter, any confidentiality is waived after the expiration of the 30-day period unless otherwise stipulated or ordered. The Parties may modify this procedure for any particular deposition or proceeding through agreement on the record at such deposition or proceeding or otherwise by written stipulation, without further order of the Court;

  d. In the case of Designated Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL used during the course of a deposition, as a deposition exhibit or otherwise, that portion of the deposition record reflecting such Designated Material shall be sealed and stamped with the designated degree of confidentiality, and access thereto shall be limited pursuant to the other terms of this Stipulated Protective Order; and

  e. Each Party retains the right to subsequently re-designate documents and to require such documents to be treated in accord with such designations from the date of the re-designation forward.

6. Designated Material designated as CONFIDENTIAL, copies of or extracts therefrom, and compilations and summaries thereof, may be disclosed, summarized, described, characterized, otherwise communicated, or made available in whole or in part only to the following persons:

  a. Outside Counsel of Record for the Parties, defined as attorneys of record for the respective firms, including supporting personnel employed by those attorneys, such as patent agents, paralegals, legal secretaries, legal clerks, and litigation support employees;

  b. No more than two officers, directors, in-house attorneys, or employees of the Parties whose assistance is needed by counsel for the purposes of the Litigation ("In-House Designee), provided that such persons are identified in writing to Outside Counsel for Defendants or Plaintiffs as the case may be prior to the disclosure of any Confidential Information to such persons;

  c. Consultants and Experts as defined in and pursuant to the provisions of

Paragraph 8 below;

    d.    The Court and those employed by the Court, pursuant to Paragraph 10 below;

    e.    Court reporters, videographers, outside copying, interpreters or translators, employed in connection with the Litigation;

    f.    Graphics or design services retained by counsel for a Party for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in the Litigation;

    g.    Non-technical jury or trial consulting services retained by counsel for a Party;

    h.    The author(s) and all recipients of the document or the original source of the information; and

    i.    Any other person upon order of the Court or upon written consent of the Party producing.

7. Designated Material designated as HIGHLY CONFIDENTIAL, copies or extracts therefrom, and compilations and summaries thereof, may be disclosed, summarized, described, characterized, otherwise communicated or made available in whole or in part only to the following persons:

    a.    Parties' Outside Counsel of Record in the Litigation, as defined in Paragraph 6(a) above;

    b.    Consultants and Experts as defined in and pursuant to the provisions of Paragraph 8 below;

    c.    The Court and those employed by the Court, pursuant to Paragraph 10

below;

d. Court reporters, videographers, outside copying, interpreters or translators, employed in connection with the Litigation;

e. Graphics or design services retained by counsel for a Party for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in the Litigation;

f. Non-technical jury or trial consulting services retained by counsel for a Party;

g. The author(s) and all recipients of the document or the original source of the information; and

h. Any other person only upon order of the Court or upon written consent of the Party producing.

8. For purposes of this Stipulated Protective Order, a "Consultant" or "Expert" shall be defined as a person who is neither an employee, agent or representative of a Party, nor anticipated to become an employee, agent or representative of a Party in the near future, and who is retained or employed to assist in the preparation for trial in the Litigation, whether full or part time, by or at the direction of counsel for a Party. The procedure for having a Consultant or Expert approved for access to Designated Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL under this Stipulated Protective Order shall be as follows:

a. A Party sponsoring a Consultant or Expert must: (1) provide the Consultant or Expert with a copy of this Stipulated Protective Order, (2) explain its terms, and (3) obtain the written agreement of the Consultant or Expert, in the form of Exhibit A hereto, to comply with and be bound by

the terms of this Stipulated Protective Order. Before providing information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL —by a producing Party pursuant to this Stipulated Protective Order to a Consultant or Expert, the Party seeking to disclose the information to a Consultant or Expert shall identify the Consultant or Expert to the producing Party in writing and provide the producing Party with (a) an executed Exhibit A, and (b) a written statement setting forth the Consultant's or Expert's residential address, business address, employer, job title, curriculum vitae, and past or present association with any Party, as well as a list of litigation matters for which the Consultant or Expert has provided any professional services during the preceding five years;

b. Five (5) court days following the identification specified in Paragraph 10(a) above (hereinafter "the Identification"), the sponsoring Party may disclose the information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL under this Stipulated Protective Order to the identified Consultant or Expert unless said sponsoring Party receives a written objection to the Identification, served by facsimile or electronic mail, setting forth in detail the grounds on which it is based. Failure to object within five (5) court days of the identification shall be deemed a waiver of the objection. If the sponsoring Party receives such an objection within five (5) court days of the Identification, the Consultant or Expert shall be barred from access to any information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL under this Stipulated Protective Order for

      fourteen (14) calendar days commencing with the receipt by the producing Party of a copy of the executed Exhibit A and accompanying information required in Paragraph 8(a) above;

   c. If within said fourteen (14) calendar days, the Parties are unable to resolve their differences and the opposing Party moves for a further protective order preventing disclosure of information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL under this Stipulated Protective Order to the identified Consultant or Expert, then the Designated Material shall not be provided to said Consultant or Expert except by further order of the Court. Any such motion by the opposing Party must describe the circumstances and reasons for objection, setting forth in detail the reasons for which the further protective order is reasonably necessary, assessing the risk of harm that the disclosure would entail, and suggest any additional means that might be used to reduce that risk. The Party opposing the disclosure to said Consultant or Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the seeking Party's need to disclose the Designated Material to said Consultant or Expert.

 9. Any person may be examined as a witness at trial or during a deposition concerning any Designated Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL which that person had lawfully received or authored prior to and apart from the Litigation. During examination, any such witness may be shown Designated Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL by a Party that appears on its

face, or from other documents or testimony, to have been received from or authored by that witness or communicated to that witness. At any deposition session, upon any inquiry with regard to the content of a document marked CONFIDENTIAL or HIGHLY CONFIDENTIAL, or when counsel for a person (Party or non-party) deems that the answer to a question may result in the disclosure of CONFIDENTIAL or HIGHLY CONFIDENTIAL information by his or her client within the meaning of this Stipulated Protective Order, counsel for the person whose CONFIDENTIAL or HIGHLY CONFIDENTIAL information is involved may request that all persons other than the reporter, counsel, and individuals authorized under Paragraphs 6 or 7 above (depending on whether the information is CONFIDENTIAL or HIGHLY CONFIDENTIAL, respectively), leave the deposition room during the confidential portion of the deposition. The failure of such other persons to comply with a request to leave the deposition shall constitute substantial justification for counsel to advise the witness that he or she need not answer the question.

10. Designated Material may be filed with or presented to the Court, or may be included in briefs, memoranda or other papers filed with this Court, but if so, those papers shall be filed under seal in accordance with the Local Rules of the United States District Court for the Southern District of New York.

11. A Party may challenge any other Party's designation of Designated Materials produced herein by serving a written objection upon the producing Party. A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed. In the event that a Party challenges, in writing and providing its reasons for the challenge, at any time during the Litigation, the designation of Designated Material, the designating Party, shall, within fourteen (14) calendar

days of such challenge, substantiate the basis for such designation in writing. Failure to respond within fourteen (14) calendar days to the designation challenge shall deem the material in question as de-designated. If substantiation is offered, the Parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the Party challenging the designation may seek appropriate relief from the Court. Each such motion shall identify the challenged material and the basis for the challenge. Until a dispute over the asserted designation is finally resolved by the Parties or the Court, all Parties and persons shall treat the Designated Material in question as it has been designated as either CONFIDENTIAL or HIGHLY CONFIDENTIAL.

12. All counsel for the Parties who have access to Designated Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL under this Stipulated Protective Order acknowledge they are bound by this Stipulated Protective Order and submit to the jurisdiction of this Court for purposes of enforcing this Stipulated Protective Order.

13. Entering into, agreeing to, and/or producing or receiving Designated Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL, or otherwise complying with the terms of this Stipulated Protective Order shall not:

    a. Waive any right to object on any ground to use in evidence of any of the Designated Material covered by this Stipulated Protective Order; or

    b. Waive any objection to the disclosure or production of Designated Material otherwise available on any ground not addressed in this Stipulated Protective Order.

14. This Stipulated Protective Order has no effect upon, and shall not apply to, a Party's use or disclosure of its own Designated Material for any purpose.

15. Nothing contained herein shall impose any restrictions on the use or disclosure by a Party of Designated Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL obtained lawfully by such Party independently of any proceedings in this action, or which:

    a. Was already known to such Party by lawful means prior to acquisition from, or disclosure by, any other Party in this action;

    b. Is or becomes publicly known through no fault or act of such Party; or

    c. Is rightfully received by such Party from a non-party that has authority to provide such information or material and without restriction as to disclosure.

16. The inadvertent production or disclosure of any privileged, protected work product, or otherwise protected or exempted information shall not be deemed a waiver or impairment of any claim of privilege or protection as to the inadvertently produced material or any related material. The Parties agree to handle inadvertently disclosed materials as follows:

    a. For all inadvertently disclosed privileged or work product materials, the producing Party must notify the receiving Party promptly upon discovery, in writing, that a document has been inadvertently produced. Upon receiving written notice under this Subparagraph from the producing Party that privileged and/or work product material has been inadvertently produced, all such information, and all copies thereof, shall be returned to the producing Party within five (5) court days of receipt of such notice and the receiving Party shall not use such information for any purpose, except as provided in Paragraph 16(b) below, until further order of the Court. The receiving Party shall also attempt, in good faith, to retrieve and return

        or destroy all physical and electronic copies of the documents in electronic format;

b. Following initial notice received under Paragraph 16(a) above, if the receiving Party contests the privilege or work product designation contained in the notice, the receiving Party shall give the producing Party written notice of the reason for said disagreement within five (5) court days of initial notice received under Paragraph 16(a) above and shall be entitled to retain one copy of the disputed document for use in resolving the dispute. The receiving Party shall, within fifteen (15) court days from the initial notice by the producing Party, seek an order from the Court compelling the production of the material. If no such order is sought, the single retained copy of the disputed document shall be returned or destroyed in accordance with Paragraph 16(a) above upon expiration of the fifteen (15) court day period;

c. Upon receiving an initial notice provided in accordance with Paragraph 16(a) above, any analyses, memoranda or notes (including in electronic form to the extent reasonably practicable) which were internally generated by the receiving Party based upon such inadvertently produced information shall immediately be placed in sealed envelopes, and shall be destroyed in the event that (a) the receiving Party does not contest that the information is privileged or work product material, or (b) the Court rules that the information is privileged, work product, or otherwise protected. Such analyses, memoranda or notes may only be removed from the sealed

|   |   |
|---|---|
|   | envelopes and returned to its intended purpose in the event that (a) the producing Party agrees in writing that the information is not privileged or work product material, or (b) the Court rules that the information is not privileged or otherwise protected from disclosure; |
| d. | Within fifteen (15) court days of receiving an initial notice provided in accordance with Paragraph 16(a) above, the receiving Party shall notify any person to whom it has provided a copy of the inadvertently disclosed material that the document contains privileged or work product material that was inadvertently disclosed and that all copies of the document should be destroyed. The receiving Party shall also notify the producing Party of the identity of said person within fifteen (15) court days of receiving the initial notice. |
| 17. | If a Party inadvertently produces CONFIDENTIAL or HIGHLY CONFIDENTIAL material without marking it as such, it may be disclosed to others until the receiving Party becomes aware of the error, unless it appears from the face of the document that it contains non-public, confidential, proprietary, commercially sensitive, or trade secret information of the producing Party. At such time that the producing Party notifies a receiving Party that a document or thing was produced without the appropriate confidentiality designation, the producing Party shall provide the receiving Party with replacement copies of the documents or things bearing the appropriate confidentiality designation. Upon receipt of the replacement copies, the receiving Party shall return or destroy all copies of the previously produced documents or things within its possession. The |

receiving Party shall notify any person to whom it provided a copy of such document or thing that the document or thing has been designated CONFIDENTIAL or HIGHLY CONFIDENTIAL and, if the person to whom it provided a copy of the document is not authorized under this Stipulated Protective Order to view CONFIDENTIAL or HIGHLY CONFIDENTIAL material, the receiving Party shall request that the person to whom it provided the document or thing return or destroy the document or thing. The receiving Party shall notify the producing Party of the identity of the person.

18. If a Party learns that it has disclosed documents or information, by inadvertence or otherwise, that were designated CONFIDENTIAL or HIGHLY CONFIDENTIAL to any person or in any circumstance not authorized under this Stipulated Protective Order, that Party must immediately (1) notify in writing the designating Party of the unauthorized disclosures, (2) use its best efforts to retrieve all copies of the Designated Material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (4) request such person or persons complete and sign a copy of the undertaking in the form attached hereto as Exhibit A.

19. It is the present intention of the Parties that the provisions of this Stipulated Protective Order shall govern discovery and other pretrial and trial proceedings in this action. Nonetheless, each of the Parties hereto shall be entitled to seek modification of this Stipulated Protective Order by application to the Court on notice to the other Parties hereto for good cause.

20. The provisions of this Stipulated Protective Order shall, absent written permission

of the producing Party or further order of the Court, continue to be binding throughout and after the conclusion of this action, including without limitation any appeals therefrom. Within sixty (60) calendar days after receiving notice of the entry of an order, judgment, or decree finally disposing of this action, including any appeals therefrom, all persons having received Designated Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL hereunder shall return such material and all copies thereof (including summaries and excerpts) to counsel for the producing Party, or shall certify destruction thereof on request. Outside Counsel of Record for the Parties, as defined in Paragraph 6(a), shall be entitled to retain court papers, deposition and trial transcripts, and attorney work product (including court papers, transcripts, and attorney work product that contain information or material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL) provided that such Outside Counsel of Record, shall not disclose any such information and material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL contained in such court papers, transcripts, attorney work product, or documents to any person or entity except pursuant to a written agreement with the producing Party of the information or material. Attorney work product may be used in subsequent litigation provided that such use does not disclose information or material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL.

21. If any Party (a) is subpoenaed in another action, (b) is served with a demand in another action to which it is a Party, or (c) is served with any other legal process by one not a Party to the Litigation, seeking information or material which was

produced or designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL by someone other than the designating Party, the Party shall give prompt actual written notice no more than five (5) court days after receipt of such subpoena, demand, or legal process, to those who produced or designated the Designated Material CONFIDENTIAL or HIGHLY CONFIDENTIAL and shall object to its production to the extent permitted by law. Should the person seeking access to the Designated Material take action against the Party or anyone else covered by this Stipulated Protective Order to enforce such a subpoena, demand or other legal process, the Party shall respond by setting forth the existence of this Stipulated Protective Order. The designating Party shall bear the burdens and the expenses of seeking protection in the court of its Designated Material, and nothing in these provisions shall be construed as authorizing or encouraging a Party in this action to disobey a lawful directive from another court.

22. Nothing in this Stipulated Protective Order shall prevent outside counsel from giving legal advice based on information that has been designated CONFIDENTIAL or HIGHLY CONFIDENTIAL provided such legal advice shall not reveal the substance of any designated information to a person who is not authorized to receive it.

23. By entering this Stipulated Protective Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Stipulated Protective Order who becomes subject to a motion to disclose another party's information designated

"CONFIDENTIAL," or "HIGHLY CONFIDENTIAL" pursuant to this Stipulated Protective Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

24. The Parties agree to be bound by the terms of this Stipulated Protective Order pending its entry by the Court, or pending the entry of an alternative that is satisfactory to all Parties, and any violation of its terms shall be subject to the same sanctions and penalties as if the Stipulated Protective Order had been entered by the Court.

Dated: New York, New York
August 12, 2020

MANATT, PHELPS & PHILLIPS, LLP

By: _____
Irah H. Donner
Richard S. Hartunian
Andrew Case
Danielle C. Newman
7 Times Square
New York, New York 10036
Tel.: (212) 790-4500
Email: IDonner@manatt.com
       RHartunian@manatt.com
       ACase@manatt.com
       DNewman@manatt.com

*Attorneys for Plaintiff Rosco, Inc.*

SCHIFF HARDIN LLP

By: _____
Sailesh K. Patel (*pro hac vice*)
Thomas Rammer (*pro hac vice*)
233 S. Wacker Drive, Suite 7100
Chicago, IL 60606
Phone: (312) 258-5698
Fax: (312) 258-5600
spatel@schiffhardin.com
trammer@schiffhardin.com

*Attorneys for Defendant Safety Vision, LLC*

This stipulation binds the parties to treat as confidential the documents so classified.  This Court, however, has not reviewed the documents referenced herein; therefore, by so ordering this stipulation, the Court makes no finding as to whether the documents are confidential.  That finding will be made, if ever, upon a document-by-document review pursuant to the procedures set forth in the Court's Individual Rules and Practices and subject to the presumption in favor of public access to "judicial documents."  *See generally Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).  To that end, the Court does not "so order" any provision to the extent that it purports to authorize the parties to file documents under seal without a prior court order.  *See New York ex rel. Khurana v. Spherion Corp.*, No. 15-CV-6605 (JMF), 2019 WL 3294170 (S.D.N.Y. July 19, 2019).  SO ORDERED.

August 13, 2020

`

Page 18

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROSCO, INC.,<br><br>                    Plaintiff,<br><br>v.<br><br>SAFETY VISION, LLC and<br>JOHN DOE CORPORATION,<br><br>                    Defendants. | Civil Case No.: 1:19-cv-08933-JMF<br><br>**[PROPOSED] STIPULATED<br>PROTECTIVE ORDER** |

## PROTECTIVE ORDER

UNDERTAKING OF: _____

1. My home address is: _____

2. My present employer is and the address of my present employment is:

   _____

3. My present occupation or job description is: _____

4. I have received a copy of the Stipulated Protective Order in the Litigation.

5. I have carefully read and understand the provisions of the Stipulated Protective Order in the Litigation.

6. I will comply with all of the provisions of the Stipulated Protective Order.

7. I will hold in confidence, will not disclose to anyone not qualified under the Stipulated Protective Order, and will use only for purposes of the Litigation, in strict compliance with the terms and conditions of the Stipulated Protective Order, any Designated Material which

is disclosed to me. I acknowledge that termination of the Litigation does not release me from the obligations set out in this Paragraph.

8. I will return all Designated Material which comes into my possession, and documents or things which I have prepared relating thereto, to counsel for the Party by whom I am employed or retained in strict accordance with the provisions of the Stipulated Protective Order.

9. I hereby submit to the jurisdiction of this Court for the purposes of enforcement of the Stipulated Protective Order in the Litigation.

10. Any accompanying resume or curriculum vitae is a complete and accurate statement to the best of my knowledge, and I acknowledge that in submitting such resume or curriculum vitae I know that the receiving Party shall rely thereon.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this _____ day of _____, 20\_\_\_.

Signature: _____